UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUIS A. DIDONNA,

                Plaintiff,

v.

ROBERT W. MASS, et al.,

                Defendants.

**ORDER**

22-CV-05417 (PMH)

PHILIP M. HALPERN, United States District Judge:

Louis DiDonna ("Plaintiff"), proceeding *pro se*, presses a claim of excessive force under 42 U.S.C. § 1983 against Sullivan County and New York State police officers. (*See generally*, Doc. 2). Plaintiff was granted permission to proceed *in forma pauperis* on July 27, 2022. (Doc. 4). Plaintiff filed, on August 11, 2022, an application requesting that the Court appoint *pro bono* counsel. (Doc. 14). No Defendants have yet appeared in this case and no answer or motion with respect to the Complaint has been filed.

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id*. Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the

1

"precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

Here, Plaintiff has been granted permission to proceed *in forma pauperis* and therefore qualifies as indigent. (Doc. 5). Plaintiff asserts a claim of excessive force. However, based on Plaintiff's allegations, the Court cannot determine whether Plaintiff's claim is "likely to be of substance," *Hodge*, 802 F.2d 61-62, and finds that the other *Hodge* factors weigh against granting Plaintiff's application at this early stage, especially without any opposition to date. Thus, Plaintiff's request for counsel is denied without prejudice to renewal at a later time.

**CONCLUSION**

Plaintiff's application for *pro bono* counsel is denied without prejudice. The Clerk is directed to mail a copy of this Order to Plaintiff at the address provided on the docket and to terminate the motion sequence pending at Doc. 14.

**SO ORDERED.**

Dated: White Plains, New York
September 29, 2022

_____
Philip M. Halpern
United States District Judge