UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUIS DIDONNA,

                Plaintiff,

        -against-

ROBERT W. MASS, et al.,

                Defendants.

**VALENTIN ORDER**

22-CV-05417 (PMH)

PHILIP M. HALPERN, United States District Judge:

    By Order dated August 1, 2022, the Court directed service on Defendants Sgt. Robert W. Mass and Trooper Connor M. Stewart and applied Local Civil Rule 33.2 to this action. On September 22, 2022, the United States Marshal returned unexecuted Process Receipt and Return forms, indicating with respect to Defendants Mass and Stewart that they were "not located at the address provided." (Docs. 17-18). Plaintiff's time to serve expired on November 1, 2022, but Plaintiff requested additional time to serve these Defendants on October 17, 2022, and also sought assistance serving Defendant Ketchum, who was added in an Amended Complaint (Doc. 11) that was filed after the Court's prior Order of Service. (Doc. 22).

### DISCUSSION

    Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the Amended Complaint, Plaintiff supplies sufficient information to permit the New York State Police to identify Defendants Mass and Stewart, who Plaintiff alleges caused him injury during his arrest on March 15, 2021. (Doc. 11). It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of the New York State Police, must ascertain the badge numbers of Defendants Mass and

Stewart and the addresses where they may be served.[1] The New York State Attorney General must provide this information to Plaintiff and the Court within sixty (60) days of the date of this Order.

Upon receipt of this information, the Court will deem the Amended Complaint further amended as to those Defendants and will issue an order directing the Clerk of Court to complete the USM-285 form with the addresses for Defendants Mass, Stewart, and Ketchum and deliver all documents necessary to effect service to the U.S. Marshals Service.[2] Plaintiff's time to effect service on Defendants Mass, Stewart, and Ketchum is extended *nunc pro tunc* an additional 90 days from the date of this Order. If service has not been made by that date, Plaintiff should request an additional extension of time. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

## CONCLUSION

The Clerk of Court is directed to: (i) mail a copy of this Order and the Amended Complaint to the New York State Attorney General at: 28 Liberty Street, New York, New York 10005; (ii) mail a copy of this Order to Plaintiff; and (iii) terminate the motion sequence pending at Doc. 22.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[1] If either Defendant Mass or Defendant Stewart is a former employee or official of New York State Police, the New York State Attorney General must provide residential address(es) where the individual(s) may be served.

[2] The Court notes that Defendant Ketchum is not a New York State employee and, thus, the New York State Attorney General need not supply an address for him. The Court will, however, direct service upon Defendant Ketchum at the address listed in the Amended Complaint, simultaneously with Defendants Mass and Stewart.

**SO ORDERED.**

Dated: White Plains, New York
November 17, 2022

_____
PHILIP M. HALPERN
United States District Judge