PMHUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUIS A. DiDONNA,

                                    Plaintiff,

            -against-

ROBERT W. MASS, NEW YORK STATE
POLICE; CONNOR M. STEWART, NEW
YORK STATE POLICE; KYLE FERRAND,
SULLIVAN COUNTY SHERIFF'S
DEPARTMENT; DEPUTY SKOW, THE
SULLIVAN COUNTY SHERIFF'S
DEPARTMENT,

                                    Defendants.

**ORDER OF SERVICE**

No. 22-CV-05417 (PMH)

PHILIP M. HALPERN, United States District Judge:

Louis DiDonna ("Plaintiff"), currently incarcerated at Pike County Correctional Facility in

Lords Valley, Pennsylvania, brings this action *pro se* under 42 U.S.C. § 1983 against Robert Mass

("Mass"), Connor Stewart ("Stewart"), Kyle Ferrand ("Ferrand"), Deputy Skow ("Skow"), and

Constable Ketchum ("Ketchum," and together, "Defendants"). (Doc. 11, "Am. Compl."). Plaintiff

asserts that Defendants violated his rights by using excessive force on him during an arrest. By

Order dated July 27, 2022, Judge Swain granted Plaintiff's request to proceed without prepayment

of fees, that is, *in forma pauperis* ("IFP").[1] This case was re-assigned to me on July 28, 2022.

By Order dated August 1, 2022, the Court directed service on Defendants and applied Local

Civil Rule 33.2 to this action. On September 22, 2022, the United States Marshal returned

unexecuted Process Receipt and Return forms, indicating that certain Mass and Stewart could not

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

be served. (Docs. 17-18).[2] The Court then issued an Order pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) directing the New York State Attorney General to provide addresses for the Defendants who could not be served. (Doc. 26). The Attorney General responded to the Court's *Valentin* Order on January 13, 2023. (Doc. 29). Plaintiff requested the Court issue a second Order of Service on February 16, 2023, indicating addresses for each Defendant as identified by the Attorney General. (Doc. 32).

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the following Defendants: Mass, Stewart, and Ketchum at the addresses listed herein. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the Amended Complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d

---

[2] Plaintiff also added Ketchum as a Defendant in the action in an Amended Complaint dated August 4, 2022. (Doc. 11).

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants Mass, Stewart, and Ketchum at the addresses listed herein, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

**SO ORDERED.**

Dated: White Plains, New York
      March 1, 2023

_____
PHILIP M. HALPERN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Sgt. Robert W. Mass
 Highland Police Department
 37 Main Street
 Highland Falls, NY 10928

2. Trooper Connor M. Stewart, Shield No. 4281
 New York State Police
 Montgomery State Police Station
 2022 State Rte 208
 Montgomery, New York 12549

3. Constable Ketchum
 Town of Highlands Constables Office
 6 Proctor Road
 Eldred, NY 12732