UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUIS A. DiDONNA,

                              Plaintiff,

            -against-

ROBERT MAAS; CONNER STEWART;
DOUGLAS KETCHAM; KYLE FARRAND;
ANTHONY SKOW,

                              Defendants.

**ORDER**

22-CV-05417 (PMH)

PHILIP M. HALPERN, United States District Judge:

Louis DiDonna ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this action

under 42 U.S.C. § 1983 against Robert Maas, Conner Stewart, Douglas Ketcham,[1] Kyle Farrand,

and Anthony Skow ("Defendants") in connection with an arrest effectuated on March 15, 2021.

(Doc. 11, "Am. Compl."). The Court, in a December 23, 2024 Opinion and Order, granted

Defendants' unopposed motions for summary judgment. (Doc. 130, "Opinion and Order").[2] On

January 2, 2025, Plaintiff filed a letter requesting an extension of time for summary judgment.

(Doc. 132). The Clerk of Court, at the Court's direction, mailed Plaintiff a copy of the docket sheet

thereafter. On January 17, 2025, Plaintiff filed two letters requesting that the Court "reopen [his]

case" and "accept this letter as an appeal," and, alternatively, "send [him] an appeal packet and the

relevant documents to file [his] opposition properly." (Doc. 134; Doc. 135). The Court directed

Defendants to respond, which they did on February 18, 2025. (Doc. 139). On March 3, 2025,

Plaintiff filed three letters asserting the same requests as made in his January 17th letters. (Doc.

---

[1] On February 5, 2025, Counsel for Defendant Douglas Ketcham filed a notice pursuant to Federal Rule of Civil Procedure 25(a) that Ketcham died on January 13, 2025. (Doc. 137).

[2] This decision is available on commercial databases. *See DiDonna v. Maas*, No. 22-CV-05417, 2024 WL 5202239, at *1 (S.D.N.Y. Dec. 23, 2024).

140; Doc. 141; Doc. 142). The Court construes Plaintiff's application as a motion for relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b).[3]

For the reasons set forth below, Plaintiff's motion is DENIED.

<h1 style="text-align:center">ANALYSIS</h1>

Rule 60(b)(1) allows the Court to grant relief from a final order or judgment for "mistake, inadvertence, surprise, or excusable neglect." A party seeking vacatur under Rule 60(b), whether proceeding *pro se* or not, "must present 'highly convincing' evidence, 'show good cause for the failure to act sooner,' and show that 'no undue hardship [would] be imposed on other parties.'" *Axar Master Fund, Ltd. v. Bedford*, 806 F. App'x 35, 40 (2d Cir. 2020);[4] *Brooks v. Doe Fund, Inc.*, No. 17-CV-03626, 2020 WL 5706451, at *3 (E.D.N.Y. Sept. 24, 2020) ("[A] pro se litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion.").

While Rule 60(b) must "be broadly construed to do substantial justice while respecting that final judgments should not be lightly reopened," *Thai-Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 864 F.3d 172, 183 (2d Cir. 2017), it "is a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances," *Castro v. Bank of New York Mellon*, 852 F. App'x 25, 28 (2d Cir. 2021). "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court . . . ." *Watts-Devine v. United States*, 616 F. App'x 9, 10 (2d Cir. 2015). Moreover, such a motion "may not be used as

---

[3] Although Plaintiff does not specify any particular rule under which he moves, the spirit of his letters indicates that he believes his failure to file opposition to Defendants' motions for summary judgment (Doc. 134) was inadvertent and excusable and that the Court would have denied the motions for summary judgment had it considered Plaintiff's opposition. It does not appear to the Court that any other grounds set forth in Rule 60 are invoked by Plaintiff's letter.

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

2

a substitute for appeal." *Castro*, 852 F. App'x at 28. "Accordingly, Rule 60(b) motions that simply attempt to relitigate issues and thereby circumvent the appellate process are routinely dismissed." *Espinal v. United States*, No. 91-CR-00310, 2006 WL 163179, at *2 (S.D.N.Y. Jan. 23, 2006).

Plaintiff offers no evidence—let alone highly convincing evidence—that would warrant vacatur under Rule 60(b). Plaintiff offers three reasons for his failure to timely oppose Defendants' summary judgment motions by the December 4, 2024 deadline: (i) his address on the docket was incorrect; (ii) he became incarcerated; and (iii) the New York Legal Assistance Group ("NYLAG") went out of business. (Doc. 129; Doc. 134 at 2).

First, Plaintiff argues that he "missed relevant mail that had contributed to the late filing of this opposition" because there was a mistake with his address on the docket. (Doc. 134 at 2). Plaintiff filed a letter on August 13, 2024, advising the Court that he was incarcerated at the Lackawanna County Prison and would be receiving mail at P.O. Box 323 Lake Ariel, PA. (Doc. 118). The Clerk of Court thereafter mailed orders to Plaintiff at the following address: "Lackawanna County Prison, P.O. Box 323, Lake Ariel, PA, 18435." (Docs. 120, 122, 124, 126). Plaintiff explains that the P.O. Box address should not have been associated with Lackawanna County Prison. (Doc. 134 at 2). On September 19, 2024, Plaintiff corrected the error by filing a letter identifying his address as P.O. Box 323 Lake Ariel, PA, 18436. (Doc. 125). The Clerk of Court thereafter mailed letters to Plaintiff at the correct address.

During the time that the docket reflected an incorrect address (August 13, 2024 to September 19, 2024), the Court issued an order directing service of the motion papers on Plaintiff at his updated address and extending his time to file an opposition brief. (Doc. 120). Defendants, regardless of the mistake on the docket, served the motion papers on Plaintiff at the correct address. (Doc. 123). On October 22, 2024, after Plaintiff's address was corrected on the docket, Plaintiff

filed a letter stating that "[he] had sent [his] . . . opposition on 10/14" but there had been a mistake, and he was going to resend his opposition that day. (Doc. 127). The Court thus issued an order granting Plaintiff an extension of time until December 4, 2024 to file his opposition and warned that his failure to timely file opposition would result in the motion being deemed fully submitted and unopposed. (Doc. 129). This Order was mailed to Plaintiff at the correct address. Accordingly, even though the docket reflected an incorrect address for a brief period, this is not a basis to excuse Plaintiff's failure to timely file opposition because the motion papers and the Court's subsequent order extending Plaintiff's time to oppose the motions were mailed to the correct address.

Next, Plaintiff states that he was arrested on December 7, 2024 and his friend who tried to mail the opposition on his behalf "accidently put the wrong address on the envelope." (Doc. 134 at 1-2; Doc. 139 at 4 n.3; *id*. at Exs. A-B). Plaintiff's arrest, which occurred three days after the opposition brief deadline, and his ensuing incarceration, do not constitute "excusable neglect" for purposes of a Rule 60 motion. *See Johnson v. City of Mount Vernon*, No. 15-CV-05832 2017 U.S. Dist. LEXIS 101547, *5 (S.D.N.Y. June 28, 2017) (finding that Plaintiff's incarceration does not constitute excusable neglect such that relief is warranted under Rule 60(b)). That Plaintiff's friend tried to assist him during his incarceration does not excuse Plaintiff from meeting his obligation to timely oppose the motions or otherwise communicate with the Court. *See Klein v. United Parcel Serv.*, No. 11-CV-02044, 2014 WL 4637493, at *2 (S.D.N.Y. Sept. 17, 2014) ("[I]ncarceration does not preclude *pro se* litigants from corresponding with the Court."), *aff'd*, 613 F. App'x 86 (2d Cir. 2015).

Finally, Plaintiff asserts that he stopped receiving legal assistance from NYLAG when it "went out of business." (Doc. 134 at 2). Plaintiff's inability to consult with NYLAG, the entity that provided free legal advice and assistance to *pro se* litigations, does not excuse his failure to

oppose the motions. Plaintiff was informed by the "Notice to Pro Se Litigant Who Opposes a Motion For Summary Judgment" that any questions regarding his opposition could be directed to the Pro Se Clerk's Office (Doc. 112-3), but Plaintiff does not indicate in his letters that he ever reached out to the Pro Se Clerk's Office after he stopped receiving assistance from NYLAG. Moreover, Plaintiff did not request an extension of the December 4th deadline to oppose the motions. "*[P]ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008); *see also Yadav v. Brookhaven Nat. Lab;y*, 487 F. App'x 671 (2d Cir. 2012) ("Although *pro se* litigants must be afforded a certain amount of latitude, they are still required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience.").

Plaintiff does not provide "any other reason" that would warrant granting his motion. Fed. R. Civ. P. 60(b)(6). The "subsection of Rule 60(b) 'is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule.'" *Rodriguez-Rivera v. New York City Bd. of Educ.*, No. 05-CV-10897, 2016 WL 3443650, at *3 (S.D.N.Y. May 31, 2016) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)). "By definition, such circumstances are rare." *Velez v. Vassallo*, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002). Plaintiff has not submitted evidence or made any arguments that would entitle him to such extraordinary relief.

The Court, for the reasons set forth in the Opinion and Order, dismissed Plaintiff's claims for failure to intervene and excessive force on the basis that: (i) Defendants Ketchum and Stewart lacked the necessary personal involvement to establish a § 1983 claim (Opinion and Order at 9-11); (ii) the force used against Plaintiff in putting him against the car was objectively reasonable

under the circumstances (*id*. at 13); (iii) medical records contradicted the alleged injury to Plaintiff's ribs (*id*. at 15); and (iv) Plaintiff's claimed injury from handcuffing was unsupported by medical records and *de minimis* (*id*. at 18). Plaintiff's letters do not raise any new facts or arguments that were not previously considered by the Court. Nor do they refer to any evidence that would create a genuine issue of material fact as to any elements of the claims for relief.

Accordingly, Plaintiff has not offered any basis for finding excusable neglect in his failure to timely oppose the motion for summary judgment. Nor has he identified any mistake that the Court made which could support Rule 60(b) relief. Because Plaintiff has not produced "highly convincing evidence" that would warrant vacatur under Rule 60(b), *Axar Master Fund, Ltd.*, 806 F. App'x at 40, the motion must be, and is, denied.[5]

To the extent Plaintiff requests that the Court to mail him an "appeal packet" (Doc. 134 at 2), an appeal package was attached to the Clerk's Judgment that was mailed to Plaintiff on December 26, 2024 (Doc. 131). The Court will request that the Clerk's Office mail another copy of the Judgment to Plaintiff. Plaintiff may consult with the Pro Se Clerk's Office for procedural assistance.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is DENIED.

The Clerk of the Court is respectfully directed to mail a copy of this Order, as well as a copy of Doc. 131 with attachments, to Plaintiff at: (i) P.O. Box 323 Lake Ariel, PA 18436; and (ii) 175 Pike Country Blvd Lords Valley, PA 18428.

---

[5] The Court, in light of its ruling herein, need not and does not consider the good cause and undue hardship burdens of the Rule 60(b) analysis.

SO ORDERED:

Dated:  White Plains, New York
        March 6, 2025

_____
Philip M. Halpern
United States District Judge